Almer E. Bishop *et al.*, Appellants, *v.* Joseph R. Williams, Appellee.

### APPEAL FROM BOONE.

Where a sale of land was made for $400, and a bond of a date subsequent to that of the deed was given by the vendee to the vendor, to reconvey the same land for $800, at the expiration of two years, it was *Held*, That a jury might ascertain, from all the transactions between the parties, whether the deed was intended to secure the loan of $400, to be repaid by $800 in two years, and whether the agreement was usurious or not.

This was a bill in chancery. On the 4th day of April, 1853, the appellees filed their bill, setting forth, that in the month of February, 1853, Arasmus D. Bishop was the owner of several pieces of real estate in Belvidere, Boone county; that the said Arasmus D. Bishop then intended going to California, and applied to the appellant for a loan of $400. That said Williams agreed to let said Bishop have $400 for the period of two years, at the end of which time the said Bishop was to repay the same, with $400, making in all the sum of $800. That Bishop, to secure the same, was to convey the lots in question to Williams, and Williams was to give a bond, agreeing to reconvey within two years, on Bishop's paying him $800. That to secure the said sum of $800, the said Bishop and Emeline K. Bishop, his wife, on the 13th of February, 1850, executed a deed of that date, conveying lots one and two, in block No. 3, in F. W. Crosby's addition to Belvidere, lying and being on Mechanic street, in the county of Boone, to said Joseph R. Williams, in fee simple absolute, with the usual covenants of warranty and seizin, in consideration of the sum of $400, paid by said Williams to them. That they believe said deed was not delivered to said Williams until about the time the bond, hereinafter spoken of, was delivered, the delivery of said deed and bond being intended by said parties to be simultaneous

acts. That said Williams, in pursuance of said agreement, on or about the 19th day of February, 1850, executed and delivered unto said Bishop his bond, in the sum of $1,600, conditioned for the reconveyance of the aforesaid lots to said Bishop, his heirs and assigns, upon the payment, by him or them, to said Williams, two years from the date thereof, of the sum of $800. That said Bishop received from said Williams the said sum of $400. That said deed was recorded on the 19th of February, 1850, and the bond on the 6th of February, 1851. That said deed and bond, in connection with each other, and the previous agreement of the parties for the loan of money to be repaid, constituted but a mortgage of said lots by said Bishop to said Williams. That said Bishop died intestate, in the month of September or October, 1850, while on his way to California, leaving the said Emeline K. Bishop his widow, and Almer E. Bishop, Jeannette M. Bishop, Ashley C. Bishop, Noel D. Bishop, Dighton E. Bishop, Rosetta A. Bishop, and Sarah E. Bishop, his heirs at law. That said Sarah E. Bishop died on the 24th day of August, 1851. That since said Bishop went to California, said Jeannette M. Bishop hath intermarried with the said Herman R. Mead. That said Williams, about the time said Bishop started for California, took possession of said premises, and since then to the present time has received the rents thereof. That there are on said lots two houses, which have been constantly rented, each for the sum of one dollar per week. That said Williams has permitted said premises to become dilapidated and out of repair. That he has taken away several valuable fruit trees. That said houses and lots, at the time said Williams took possession, were in good repair, and worth $800. That by his not keeping them in repair, they have deteriorated in value. That letters of administration were granted to said Emeline K. Bishop, and that she has given bond and entered upon her duties. The bill charges that the interest reserved by the said agreement was more than that allowed by law. That said Williams, on the 22d day of December, 1852, filed in the office of the clerk of the court his bill of complaint against said Bishop, to have said bond, hereinbefore spoken of, delivered up and canceled, and the bill prays that Williams may be enjoined from further proceeding in said cause.

The bill further charges, that on the 29th day of March, 1853, the complainant caused to be tendered to the said Joseph R. Williams the sum of $161, in gold coin, and presented to him for execution of a deed reconveying the lots aforesaid to the complainant, but that the said Williams refused to receive the $161, and to execute the deed. That afterward the complainants offered to pay said Williams the sum of $200, if he

would execute said deed, but that he refused so to do. That the said sum of $161 (which they have brought into court) amounts, with the rent received by said Williams, to the said sum of $400, with interest thereon at the rate of six per cent.

The bill prays that the said Williams may answer the bill of complaint, without oath, and that an account may be taken of what is due for principal and interest, on the money loaned by said Williams to said Bishop, and that an account may be taken of what hath become due or ought to be paid by said Williams for the rents and occupation of said premises, and also of waste done and suffered by said Williams to said premises, and if they exceed the amount loaned, and interest, he may pay the excess to the orators. That said Williams may surrender said premises and reconvey the same to the complainant, free of all incumbrance done by him or under him. That said deed from said Bishop and wife to said Williams, may be declared to be a conveyance in mortgage to secure the said $400 and interest, and that upon the payment of said sum the said deed and bond may be declared to cease. That said Williams may be restrained from receiving the rents and profits of said premises, and the further prosecution of said suit, and such injuction be made perpetual. That a receiver be appointed, and for further relief. Summons issued on the 4th of April, 1853, and was served on the 8th of April, 1853.

On the — day of April, 1853, the defendant filed his answer, setting forth that said Bishop and his wife, on the 15th day of February, 1850, executed the deed referred to in said bill, to said Williams. That the same was recorded on the 19th of February, 1850, in the recorder's office of Boone county. That the defendant, on the delivery of said deed, on the 15th day of February, 1850, entered at once into possession of said premises, and has ever since held and now holds them. That after the delivery of said deed the said Williams bargained with said Bishop, and agreed to let the said Bishop have the privilege and refusal of buying back said lots at any time within two years from the date of the agreement, for the price of $800. That defendant consented to hold said land for that length of time, and, as evidence of their contract, executed the bond referred to in said bill, and delivered the same to said Bishop. That this contract was separate and distinct from the previous contract of sale and purchase of said lots. That the contract of the 15th of February, was an absolute purchase and sale of said lots. That at that time the property was only worth $400. That the bond was not put on record until the 5th of February; 1851. That said Bishop has not returned from California. That on the 22d of December, 1853, said defendant filed his bill in the Boone Circuit Court, to have

said bond canceled, against Bishop. That up to the 4th of April, 1853, the complainants never attempted to assert any right in and to the said premises, by virtue of said bond. That it is true a tender was made as alleged in the bill. That there never was at any time any contract or understanding between said Bishop and this defendant that the transaction between them was to be a loan of money, to be repaid in future, but an absolute sale.

The court ordered an issue to be found, to be tried by a jury, whether the bond and deed aforesaid were given by way of mortgage, to secure the repayment of the money, or as an absolute conveyance to said defendant.

The feigned issue was tried, and the jury found for the complainants.

A final hearing was had, and the court decreed that said bond and deed were given to cover up a loan on which was received more than the legal rate of interest. That the complainants have a right to redeem said lands, and to have an account of the rents and profits. That after a computation of the rents, etc., etc., the complainants are entitled to $98. That the complainants be put in possession, and that said Williams should execute a release of said premises to said complainants, and in case of refusal, a commissioner be appointed to execute the same.

This cause was transferred, by consent, from the third to the second grand division.

C. Beckwith, for Appellants.

W. T. Burgess and A. C. Fuller, for Appellee.

Skinner, J. This was a bill in equity by the heirs and legal representative of Bishop, against Williams, to redeem certain real estate, by their ancestor, on the 15th day of February, 1850, by deed absolute on its face, conveyed to Williams, for the consideration of four hundred dollars; and by Williams, on the 19th day of February, 1850, in writing, contracted to be reconveyed to Bishop, in two years thereafter, and upon the payment of eight hundred dollars.

The bill charges that the transaction was really a loan of money, and so intended by the parties, and that the deed and contract were all one transaction, and made to secure the repayment of the sum of four hundred dollars loaned, with usurious interest, and were intended to operate as a mortgage.

Williams answered (not under oath), denying the material allegations and charges of the bill, and insisting that the sale and conveyance were absolute and unconditional, and that

afterward the contract of resale to Bishop was made as an independent transaction. The complainants replied, and a feigned issue, as to whether the transaction was a loan of money and mortgage, or an absolute sale and conveyance, was made and tried by a jury, as an issue out of chancery, who found the issue for the complainants, and the court, upon final hearing, rendered a decree accordingly.

The court overruled a motion for a new trial of the feigned issue, which decision, and the decision of the court rendering the final decree upon the hearing, are assigned for error.

This case was before this court upon a former appeal of Williams, and the principles of equity mainly involved in this record, were then examined and decided. *Williams* v. *Bishop*, 15 Ill. R. 553. It is unnecessary, therefore, to enter upon a discussion of the same questions. In that case, this court say, "The real character of the transaction, and the true intention of the parties, may be inquired into, and shall govern, notwithstanding they may have adopted the form of an absolute conveyance and bond for resale. And if such transaction was really a loan, and these instruments were executed to secure it, it is a mortgage; and once a mortgage, it so continues."

The decision of the court overruling the motion for a new trial of the issue, involves the sufficiency of the evidence to justify the finding of the jury, and the law of the instructions given on the trial of that issue on the part of the complainants.

The instructions are as follows:

The jury are instructed, that if they believe, from the evidence, that the deed to Williams was intended as a security for the four hundred dollars, and not an absolute sale, and that the land was to be reconveyed to Bishop upon the payment of $800, two years thereafter, then they should find for plaintiffs.

That the fact that the plaintiffs did not put the bond upon record at the time it was executed, or that they did not tender to Williams any money at the expiration of the two years, does not necessarily establish that the sale was an absolute one.

The jury are instructed, that if they believe, from the evidence, that the transaction between Bishop and Williams was an advance of money, and that the deed and bond were executed to cover a usurious loan, they should find for the plaintiffs.

That if they believe, from the evidence, that the bond and deed were delivered at the same time, or that when the deed was delivered it was understood or agreed that the bond was to be executed, and that the bond was executed in pursuance of such an agreement, then the bond and deed are to be construed as forming one transaction, and the law declares the deed to be in the nature of a mortgage.

The jury are instructed, that if they believe, from the evidence, that at the time the deed was executed or delivered to Williams, it was agreed or understood by Williams that the bond was to be executed then, this is a circumstance which the jury should consider, and from which they may infer that the conveyance was made as security for the advance of the four hundred dollars.

That if the jury believe, from the evidence, that the property in controversy was, at a fair valuation, worth a much larger price than $400, on the 15th or 19th of February, 1850, then this is a circumstance to be considered in connection with the other evidence, as favoring the claim of plaintiffs, that the transaction was a loan of money.

The instructions, in the sense evidently intended and understood by the jury, correctly state the law applicable to the case.

The evidence in the record and before the court upon the final hearing, warrants the judicial conclusion, that the transaction was, as alleged in the bill, a loan of money and security for the same, and not an absolute sale and conveyance; and, without repeating and commenting upon the evidence, we hold the final decree, under the sanction of the verdict, such an one as the equity of the case required.

*Decree affirmed.*